United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2642

Rachel M. Smith, Trial Attorney
RMS-7452

RECEIVED-CLERK
U.S. DISTRICT COURT

2004 OCT -1  P 1:37

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) Civil Action No. 04-4828(AET) |
| Plaintiff, | ) ) |
| v. | ) COMPLAINT AND ) JURY TRIAL DEMAND |
| YELLOW BOOK, USA, INC. | ) ) |
| Defendant. | ) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Deborah P. Cutler. As alleged with greater particularity in paragraphs 7 and 8 below, the Commission alleges that Defendant, Yellow Book USA, Inc., discriminated against Ms. Cutler when it subjected her to a hostile work environment based on her sex, female. The Commission further alleges that Defendant, Yellow Book USA, Inc., then retaliated against Ms. Cutler because she opposed the sexual advances and harassment of her District Sales Manager, and two male co-workers. The unlawful retaliation includes Ms. Cutler's constructive discharge. As a result, Ms. Cutler suffered income losses as well as emotional damages.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Yellow Book USA, Inc. ("Defendant Employer") has continuously been doing business in the State of New Jersey and the City of Neptune and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Deborah Cutler filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September of 2000, Defendant Employer has engaged in unlawful employment practices at its Neptune, New Jersey location in violation of §704 (a) (1) of Title VII, 42 U.S.C. § 2000e-3(a)(1), by subjecting Deborah Cutler to a hostile work environment when Defendant's District Sales Manager, Donald Sweeney, and two Account Executives engaged in a

pattern of harassment against Ms. Cutler based on her sex, female. The unlawful employment practices included, but are not limited, to the following:

(a) Deborah P. Cutler began working for Defendant Employer as an Account Executive at the Staten Island, New York facility on or about December 1, 1997.

(b) In September of 2000, Ms. Cutler was transferred to Defendant's Neptune Facility.

(c) Soon after her transfer, Ms. Cutler was subjected to a campaign of verbal harassment from her supervisor, District Sales Manager, Donald Sweeney.

(d) Co-worker eye-witness accounts, verify that the harassment came in the form of repeated inappropriate and unwelcome comments such as "you're looking good"; and "How'd you get that, with a blow job?" This comment was made referencing Ms. Cutler's acquisition of a customer account.

(e) Ms. Cutler made numerous requests that Mr. Sweeney stop making the offensive, unwelcome and inappropriate comments. Still the comments continued.

(f) In addition to the verbal assaults, Ms. Cutler was also subjected to inappropriate physical touching and harassment by two male co-workers, Account Executives, John Dodaro and David Moulakis. A co-worker witnessed these repeated instances of physical sexual harassment by both men.

(g) It was observed on numerous occasions, that John Dodaro would force Ms. Cutler onto his lap and would not release her from his grip until she struggled to be released. This harassing behavior continued even after Ms. Cutler would ask him to stop.

(h) David Moulakis also subjected Ms. Cutler to unwelcome physical touching. On several occasions, unsolicited, Moulakis approached Ms. Cutler and rubbed her neck and back. Ms. Cutler rejected these actions and demanded that he stop the touching and his inappropriate behavior.

(i) On June 11, 2002, Ms. Cutler phoned and reported the harassment to the Director of Human Resources, Linda Flynn.

(j) On June 20, 2002, Ms. Flynn visited the facility. During this visit, she addressed the management and staff separately and spoke generally about professional interactions in the workplace. During that visit, Ms. Flynn did not approach any of the accused harassers, or otherwise specifically address Ms. Cutler's complaints at that time.

(k) Defendant failed to take prompt or effective remedial action on Ms. Cutler's behalf. As a result of its failure to address the harassment, suffering with depression Ms. Cutler was forced to go out on a disability leave on or about July 8, 2002. Defendant did not investigate or communicate with the alleged harassers regarding Ms. Cutler's complaints until July 14, 2002.

8. Since at least June 2002, Defendant Employer has engaged in unlawful employment practices at its Neptune, New Jersey facility, in violation of Section 740(a) of Title VII, 42 U.S.C. Section 2000e-3(a)(3). These unlawful retaliatory practices include but are not limited to, the following:

(a) After complaining of sexual harassment, Ms. Cutler was subjected to retaliatory conduct by the manager's continued inappropriate comments and conduct. In particular, Mr. Sweeney continued to assail Ms. Cutler with sexually charged, inappropriate comments and included mocking comments about Ms. Cutler's complaints to Human Resources.

(b) After complaining to the appropriate authorities within Defendant's Human Resource Department, Ms. Cutler could no longer tolerate the assault of verbal and physical harassment from her male supervisor and co-workers. Further, the fact that no effective remedial action was taken as a result of her formal complaint to Human Resources caused her extreme anxiety and depression. Thus, after diagnosis of depression and post-traumatic stress disorder, Ms. Cutler went on a disability

leave on or about July 8, 2002.

(c)     Unable to work as an employee for Defendant, Ms. Cutler was constructively discharged in November of 2002 due to the intolerable working conditions.

9.     The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Deborah Cutler of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, and in retaliation for her opposition to unlawful harassment.

10.    The unlawful employment practices complained of in paragraphs 7and 8 above were intentional.

11.    The unlawful employment practices complained of in paragraphs 7and 8 above were done with malice or with reckless indifference to the federally protected rights of Deborah Cutler.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment based on sex, and from engaging in any other employment practice which discriminates on the basis of sex, or retaliation.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Deborah Cutler, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, rightful-place reinstatement of Ms. Cutler, or frontpay, in lieu thereof, if reinstatement is not feasible.

D.   Order Defendant Employer to make whole Deborah Cutler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including medical expenses and job search expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Deborah Cutler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, depression, anxiety, inconvenience, loss of enjoyment of life and humiliation, in amounts to determined at trial.

F.   Order Defendant Employer to pay Deborah Cutler punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary proper in the public interest. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ERIC S. DRIEBAND**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Jacqueline H. McNair*
**JACQUELINE H. MCNAIR**
Regional Attorney

*/s/ Rachel M. Smith*
**RACHEL M. SMITH**
Trial Attorney

EQUAL EMPLOYMENY
OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2688; (215) 440-2848 (FAX)