NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  :<br>:<br>Plaintiff,  :<br>:<br>and DEBORAH CUTLER,  :<br>:<br>Intervenor,  :<br>:<br>v.  :<br>:<br>YELLOW BOOK, USA, INC.,  :<br>:<br>Defendant.  : | Civil No. 04-4828 (AET)<br><br>MEMORANDUM & ORDER |

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendant's Motion to Dismiss the Complaint of Intervenor, Deborah Cutler, pursuant to Fed. R. Civ. P. 12(b)6. The Court has decided this motion based on the submissions of the parties, and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendant's motion is granted in part and denied in part.

BACKGROUND

On April 8, 2003, Intervenor Deborah Cutler filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter EEOC) alleging claims of sex discrimination and retaliation against Defendant Yellow Book USA, Inc. The charge of discrimination stated that Cutler began her employment with Defendant in 1997 at its office in Staten Island, New York. In September of 2000, Cutler was transferred to Defendant's Neptune,

1

New Jersey office. The EEOC charge of discrimination states that "[t]hroughout the course of [Cutler's] employment at the Neptune location" she was sexually harassed and retaliated against for complaining about the harassment. (Baranoff Decl. Ex. 1).

On October 1, 2004, the EEOC filed suit against Defendant on Cutler's behalf. The EEOC Complaint, consistent with the charge of discrimination, alleges unlawful sexual harassment and retaliation beginning when Cutler was transferred to Defendant's Neptune, New Jersey office. On January 5, 2005, Cutler moved to intervene in the pending lawsuit. Cutler's motion was granted and the Intervening Complaint included all of the allegations in the EEOC Complaint as well as several instances of sexual harassment that occurred prior to Cutler's transfer to Defendant's Neptune, New Jersey office.

Defendant claims that Cutler's Intervening Complaint must be dismissed because the allegations therein are beyond the scope of the original charge of discrimination filed with the EEOC. Cutler responds that her additional allegations from 1997 to September 2000 are reasonably within the scope of the EEOC charge because Alan Denenberg, Defendant's employee who Cutler claims harassed her at the Neptune and Staten Island offices, was named in the original charge of discrimination. Cutler also claims that correspondence between her and Defendant concerning instances of sexual harassment would lead the EEOC to include her employment at Defendant's Staten Island office in its investigation.

DISCUSSION

I.      Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for a dismissal based upon the pleader's "failure to state a claim upon which relief can be granted." In deciding a motion to

dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and viewed in the light most favorable to the non-moving party.  See Conley v. Gibson, 355 U.S. 41, 48 (1957); see also Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

II.     Scope of EEOC Charge of Discrimination

Before instituting an action under Title VII, a plaintiff must exhaust her administrative remedies.  See Anjelino v. The New York Times Co., 200 F.3d 73, 87-88 (3d Cir. 1999).  For Title VII claims, exhaustion of administrative remedies generally means timely filing a charge of discrimination with the EEOC and obtaining a right to sue letter.  See 42 U.S.C. § 2000e-5 (2005).  After obtaining a right to sue letter, a plaintiff may then file suit against a defendant under the same causes of action alleged in the EEOC charge of discrimination.  In cases such as this where a third party intervenes in a proceeding brought by the EEOC on her behalf, the intervening complaint is also limited to claims within the scope of the original EEOC charge.  See Fed. R. Civ. P. 24(a)(1); and 42 U.S.C. § 2000e-5(f)(1); see also EEOC v. U.S. Steel - Fairless Works, USX Corp., 2002 U.S. Dist. LEXIS 11388, at *7 (E.D. Pa. Jan 2, 2002).

An exception to this rule applies where "the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC [charge of discrimination], or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996).  Where applicable, the exception allows a plaintiff to expand the alleged periods of discrimination and causes of action without having to file a new complaint with the EEOC.  See id.  Thus, the only issue before the Court is whether Cutler's claims of sexual harassment at Defendant's Staten Island office are within the scope of her EEOC charge of discrimination.  If these additional claims are not within the scope of the EEOC charge of discrimination, then they must be dismissed for failure to exhaust

administrative remedies.

Here, the charge of discrimination filed by Cutler limits her sexual harassment and retaliation claims to her time at Defendant's Neptune, New Jersey office. Her charge specifically states, "[t]hroughout the course of my employment at the Neptune location . . . I was subjected to unwelcome[] acts of sexual harassment from Mr. Don Sweeny, District Sales Manager[,] and other [m]ale coworkers." (Baranoff Decl. Ex. 1). Moreover, all of the specific examples of harassment Cutler cites in the charge occurred in 2002. However, in her intervening complaint Cutler expands her claims of sexual harassment to incidents dating back to 1997, before she began working at the Neptune office.

Cutler claims that these allegations are within the scope of the EEOC charge of discrimination for two reasons. First, Cutler claims that because the original charge named Alan Denenberg, an employee of the Defendant who worked with and allegedly harassed Cutler at the Neptune and Staten Island offices, the scope of any investigation of Denenberg and his behavior would include his time working with Cutler at the Staten Island office. Second, Cutler claims that the contents of a June 23, 2002 letter submitted to the EEOC during its investigation contains enough information for Cutler's pre-September 2000 allegations of harassment to be included within the scope of the EEOC investigation. (Baranoff Decl. Ex. 5).

However, Cutler's claims of harassment occurring before her transfer to Defendant's Neptune, New Jersey office do not fall within the scope of the EEOC charge of discrimination or the investigation arising therefrom. Although Alan Denenberg did work with Cutler during and prior to her time at the Neptune office, the plain language of the EEOC charge of discrimination limits her harassment claim to the time she was working at the Neptune office. Second, a review

4

of Cutler's June 23, 2002 letter to Defendant alleging harassment, which the EEOC came into possession of during its investigation, stated merely "[o]n previous occasions, I have been subjected to other types of abuse with other management." This sentence, when viewed in conjunction with Cutler's EEOC charge, is insufficient for the Court to conclude that Cutler's pre-September 2000 allegations are "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Antol, 82 F.3d at 1295. Therefore, Cutler has failed to exhaust her administrative remedies with respect to all harassment alleged to have occurred before she began working at Defendant's Neptune, New Jersey office.

## CONCLUSION

For these reasons,

It is on this 1st day of June, 2005,

ORDERED that Plaintiff's Motion to Dismiss the Intervening Complaint is GRANTED with respect to all allegations of harassment and/or retaliation alleged to have occurred before September 2000.

                                                  s/Anne E. Thompson
                                                  ANNE E. THOMPSON, U.S.D.J.